NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMTAX HOLDINGS 260, LLC, an Ohio limited liability company; et al.,

Plaintiffs-Appellants,

v.

WASHINGTON STATE HOUSING FINANCE COMMISSION, a public body Corporate and politic of the State of Washington; et al.,

Defendants-Appellees.

No.   21-35789

D.C. No. 2:20-cv-01698-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted July 8, 2022
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Plaintiffs-Appellants AMTAX Holdings 260, LLC, AMTAX Holdings 114,

LLC, and Alden Torch Financial, LLC (collectively "AMTAX") appeal from the

district court's order granting Washington State Housing Finance Commission's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

motion to dismiss on prudential ripeness grounds. AMTAX asserts claims under the First Amendment right to petition, the Contracts Clause, the Supremacy Clause, the Separation of Powers, the Due Process Clause, and the Equal Protection Clause, alleging that the Commission's policy governing transfer investments within the Low Income Housing Tax Credit Program improperly punished litigation activity and interfered with AMTAX's contracts. We review de novo the decision to dismiss for prudential ripeness, *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010), and review for abuse of discretion the denial of leave to amend, *Doe v. Garland*, 17 F.4th 941, 944 (9th Cir. 2021), *cert denied*, 142 S. Ct. 2815 (2022). As the parties are familiar with the facts, we do not recount them here. We affirm.

In assessing prudential ripeness, we "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Ass'n of Irritated Residents v. EPA*, 10 F.4th 937, 944 (9th Cir. 2021) (citation omitted). Facial constitutional challenges, *see Nat'l Park Hosp. Ass'n v. Dep't of the Interior*, 538 U.S. 803, 811-12 (2003), and First Amendment overbreadth challenges, *see Maldonado v. Morales*, 556 F.3d 1037, 1044-45 (9th Cir. 2009), must meet both prudential ripeness prongs for us to review the claim.

We assume without deciding that the district court should have analyzed prudential ripeness on a claim-by-claim basis. *See Pizzuto v. Tewalt*, 997 F.3d

893, 903-05 (9th Cir. 2021) (applying "principles of ripeness . . . to each of plaintiffs' specific claims"). But even if it had done so, the pleadings and record show each claim is prudentially unripe.

AMTAX's First Amendment claim is unfit for review. Its allegations that a transfer application will be denied are merely "hypothetical," *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000) (en banc), both because AMTAX continually fails to assert it has applied or will apply for a transfer, and because the text of the Policy does not include protected litigation activity as a basis for rejecting the application, *see Alaska Right to Life PAC v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007) (requiring some factual context even for pre-enforcement constitutional challenges). Because the alleged harm "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" the claim is unfit for judicial review.[1] *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002) (citation omitted). For the same reason, the "firm prediction rule" does not ripen the claim. *See Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1436 (9th Cir. 1996).

And despite allegations of overbreadth, AMTAX does not show hardship in

---

[1] To the extent that AMTAX alleges it already experienced injury from chilled speech, we reject that allegation as conclusory. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176-77 (9th Cir. 2021) (noting that in reviewing a motion to dismiss, this court need not accept bare conclusory allegations as true).

delaying review of the First Amendment claim. *See Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1057-58 (9th Cir. 1995) (considering overbreadth claims under the hardship prong of prudential ripeness). Nothing in the amended complaint establishes a "well-founded fear that the law will be enforced against [AMTAX]," to show its speech has been or will be chilled. *Wolfson*, 616 F.3d at 1062 (citation omitted); *see also Feldman*, 504 F.3d at 851 (requiring a "credible threat of enforcement" to establish hardship for prudential ripeness). AMTAX similarly fails to establish hardship by showing the Policy requires an immediate change to its conduct. *See Wolfson*, 616 F.3d at 1060.

The Contracts Clause claim is also prudentially unripe. Because AMTAX does not show current or future contracts, terms, or partners would be affected by the Policy, the claim is unfit for review, *see Thomas*, 220 F.3d at 1142, and not ripened by the firm prediction rule, *see Freedom to Travel*, 82 F.3d at 1436. And AMTAX does not establish hardship from delaying review because, despite arguing its "primary conduct" is affected by the Policy, AMTAX does not point to any affected contracts or partners. *See Nat'l Park Hosp. Ass'n*, 538 U.S. at 810.

Though AMTAX's Supremacy Clause claim is likely fit for review under *Sayles Hydro Associates v. Maughan*, 985 F.2d 451, 453-54 (9th Cir. 1993), it is prudentially unripe because AMTAX does not establish hardship by showing the issue has "a concrete impact on the parties." *Shell Oil Co. v. City of Santa Monica*,

4

830 F.2d 1052, 1062 (9th Cir. 1987).

And the Separation of Powers challenge is unfit for review because it rests on contingent and hypothetical future events. *See Scott*, 306 F.3d at 662. AMTAX's assertion that the Commission will interpret and apply the Policy unconstitutionally is based on a long chain of contingent events that cannot be assessed without a more robust record. And because AMTAX has not shown that the Separation of Powers issue "requires an immediate and significant change in [its] conduct of [its] affairs," it has not established hardship from withholding review. *Wolfson*, 616 F.3d at 1060 (citation omitted).

As the Due Process and Equal Protection claims present the same issues as the First Amendment and Contracts Clause claims, they are prudentially unripe for the above reasons.

Finally, the district court did not abuse its discretion by not granting leave to amend. In its briefs and again at oral argument, AMTAX could point to no facts it could assert to ripen its claims, and so remand for such an amendment would be "futile." *Doe*, 17 F.4th at 950.

**AFFIRMED.**